# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| **KIMBERLY CONNORS** | **PLAINTIFF** |
| v.  Case No. | |
| MERIT ENERGY COMPANY, LLC; MERIT ENERGY ASSOCIATES, LP; MERIT ENERGY MANAGEMENT GP, LLC; MERIT MANAGEMENT PARTNERS GP, LLC; MERIT ENERGY PARTNERS VIII, LP; MERIT ENERGY PARTNERS X, LP; MERIT ARKANSAS OF TEXAS, LLC d/b/a MERIT ARKANSAS, LLC; MERIT EAST TEXAS, LLC; MMGJ ARKANSAS MIDSTREAM, LLC; MMGJ ARKANSAS UPSTREAM, LLC; MMGJ ARKANSAS, LLC; and MMGJ EAST TEXAS, LLC | **DEFENDANTS** |

## COMPLAINT

Plaintiff, Kimberly Connors ("Connors"), by and through her attorneys, Sprott, Golden & Bardwell, for her Complaint against Defendants, Merit Energy Company, LLC ("MEC"), Merit Energy Associates, LP ("MEA"); Merit Energy Management GP, LLC ("MEM"); Merit Management Partners GP, LLC ("MMP"); Merit Energy Partners VIII, LP ("MEP8"); Merit Energy Partners X, LP ("MEP10"); Merit Arkansas of Texas, LLC d/b/a Merit Arkansas, LLC ("MAR"); Merit East Texas, LLC ("MET"); MMGJ Arkansas Midstream, LLC ("MMAM"); MMGJ Arkansas Upstream, LLC ("MMAU"); MMGJ Arkansas, LLC ("MMAR"); and MMGJ East Texas, LLC ("MMET," and collectively with all other defendants, "Merit"), respectfully states as follows:

## I. PARTIES, JURISDICTION & VENUE

1. This Court has federal-question subject-matter jurisdiction over this case pursuant to 28 U.S.C. § 1331.

2. Connors is an individual and resident of Sebastian County, Arkansas. She is 56

years old.[1]

3. MEC, MEA, MMP, MAR, MET, MMAR, and MMET are Delaware limited liability companies, headquartered in Texas, and registered to do and doing business in Arkansas. Service upon MEC, MEA, MMP, MAR, MET, MMAR, and MMET can be accomplished via their Arkansas registered agent, Corporation Service Company, 300 Spring Building, Ste. 900, 300 S. Spring Street, Little Rock, Arkansas 72201.

4. MEM, MMAM, and MMAU are Texas limited liability companies and registered to do and doing business in Arkansas. Service upon MEM, MMAM, and MMAU can be accomplished via their Arkansas registered agent, Corporation Service Company, 300 Spring Building, Ste. 900, 300 S. Spring Street, Little Rock, Arkansas 72201.

5. MEP8 and MEP10 are Delaware limited partnerships, headquartered in Texas, and registered to do and doing business in Arkansas. Service upon MEP8 and MEP10 can be accomplished via their Arkansas registered agent, Corporation Service Company, 300 Spring Building, Ste. 900, 300 S. Spring Street, Little Rock, Arkansas 72201.

6. At all times relevant to this case, Merit continuously has done business in the State of Arkansas and has employed Arkansans to engage in its Arkansas business activities.

7. This Court has personal jurisdiction over Merit due to its minimum contacts within Arkansas such that requiring it to defend its hiring decisions for its Ozark, Arkansas field office would not offend traditional notions of fair play and substantial justice.

8. Venue is proper in the Western District of Arkansas per 28 U.S.C. § 1391(b).

## II.   FACTUAL BACKGROUND

9. Connors brings this action to redress employment discrimination against her based

---

[1] Connors was 55 years old at the time of the events at issue in this case.

on her age and gender in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.* (the "ADEA"), and the Arkansas Civil Rights Act of 1993, Ark. Code Ann. §16-123-101, *et seq* (the "ACRA"), to award full back pay and benefits, front pay, liquidated, compensatory, and punitive damages, and all other benefits of Connors's employment to which she would have been entitled had she not been the victim of discrimination.

10. Connors was hired by XTO Energy, a division of ExxonMobil, to work in the field as a Lease Operator on or about December 2, 2002.

11. At that time, and throughout the duration of her career as a Lease Operator, Connors was the only woman holding a field position with XTO Energy in Arkansas.

12. The reports from Connors' annual employee evaluations throughout her nearly 20 years as an XTO Lease Operator show she had been a dedicated, hard-working, and exemplary employee, who consistently met and exceeded expectations and earned regular raises in pay.

13. During November 2019, XTO Energy provided the application materials of sixty-four (64) of its employees working from its Ozark, Arkansas field office[2] to Merit for consideration in connection with Merit's purchase of XTO Energy's operations and assets in Ozark, Arkansas.

14. Of those 64 XTO Energy employees working from the Ozark field office at that time, twenty-eight (28) individuals, including Connors, were Lease Operators.

15. Seven of the 28 Lease Operators were under the age of 40.

16. Upon Merit's receipt and review of the XTO Energy employee list, it selected which employees would be interviewed and considered for hire.

---

[2] XTO Energy actually had 65 employees working from its Ozark field office just prior to the sale to Merit, but the application materials for one of those employees was not included because he was offered and had accepted a position with XTO at another location.

3

17. Merit decided to hire twenty (20) of XTO Energy's 28 Lease Operators to operate its newly acquired assets and operations. Each of the 20 Lease Operators Merit hired was a man.

18. Every one of Lease Operator applicants under the age of 40 was hired by Merit. Conversely, each of the XTO Energy Lease Operators whose employment ended with Merit's acquisition was over the age of 40.

19. Although Connors consistently met and exceeded expectations throughout her nearly 20 years as the only woman Lease Operator in Arkansas, she was among the eight XTO Energy Lease Operators whom Merit did not hire.

20. In fact, Merit did not even consider Connors for any of the 20 Lease Operator positions it filled because Merit did not interview Connors or otherwise allow her to demonstrate that she met whatever subjective factors that may have impacted Merit's hiring decisions.

21. Merit determined not to hire Connors and not to even consider her for employment as a Lease Operator, despite her clear and obvious qualification for such a position, due to her age and her gender in violation of Title VII, the ADEA, and the ACRA.

22. Prior to filing this lawsuit, Connors submitted Charge of Discrimination No. 493-2020-00475 to the Equal Employment Opportunity Commission ("EEOC"), alleging employment discrimination on the basis of her age and her gender.[3]

23. The EEOC informed Connors by notice dated August 25, 2020 of her right to file a civil action to pursue her employment discrimination claims (the "Right-to-Sue Letter"). A copy

---

[3] MEC is the entity who responded to Connors' Charge of Discrimination. The additional defendants are included in an abundance of caution, in light of MEC's motion to dismiss for lack of personal jurisdiction currently pending in the Eastern District of Arkansas (*Black v. BHP Billiton Petrol. (Fayetteville), LLC*, 4:20-cv-00178, ECF # 11, pp. 6-8 (seeking dismissal for insufficient allegations regarding general or specific personal jurisdiction while carefully avoiding any claim that the Court actually lacks personal jurisdiction over it) to ensure that this suit is timely filed against the proper Merit entity.

of the Right-to-Sue Letter is attached hereto as Exhibit "A" and incorporated herein by reference.

### III.   COUNT 1 – VIOLATION OF TITLE VII

24. Connors restates and incorporates here by reference each of the preceding paragraphs of this Complaint as if set forth here in full.

25. Connors is a woman.

26. She applied for and was qualified for the position of Lease Operator with Merit.

27. However, Merit failed to hire her and failed even to interview her, despite her qualifications and extensive experience as a Lease Operator, due to her sex.

28. Merit instead filled each of its 20 Lease Operator positions with a man.

29. Connors is thus entitled to all of the rights and remedies available to her pursuant to Title VII as a result of Merit's unlawful discrimination against her, including front pay, back pay, and compensatory and punitive damages, plus reimbursement of her attorneys' fees and costs incurred in connection with her pursuit of this claim.

### IV.   COUNT 2 – VIOLATION OF THE ADEA

30. Connors restates and incorporates here by reference each of the preceding paragraphs of this Complaint as if set forth here in full.

31. At all times relevant to this litigation, Connors was over the age of forty.

32. As someone who consistently had been a dedicated, hard-working, and exemplary employee who earned positive performance evaluations and regular raises in pay throughout the duration of her impressive career as a Lease Operator for XTO Energy, Connors was well qualified for one of Merit's 20 Lease Operator positions.

33. However, Merit failed to hire her and failed even to interview her, despite her qualifications and extensive experience as a Lease Operator, due to her age.

34. Each of the applicants for the Lease Operator position who was under the age of forty was hired. Each of the applicants for the Lease Operator position that Merit rejected was over the age of forty.

35. In its Response to Connors' Charge of Discrimination, Merit maintains that it could not have discriminated against Connors due to age as it was unaware of her age:

> Position Statement on Age Discrimination Allegation:
>
> Ms. Connors stated that she was not hired because of her age. Merit did not receive personnel records from Exxon and was unaware of Ms. Connors' age until we received her discrimination allegation.

36. However, Merit *did* receive personnel records, including copies of applicant's driver's licenses, in advance of Connors' submission of her Charge of Discrimination. It received personnel records in November 2019, before it selected which employees to interview:

> 7) History:
>
> Merit purchased oil and gas assets from ExxonMobil (Exxon) in ... transaction closed on January 1, 2020. Prior to this transaction, Merit did not ope...
>
> In November 2019, Exxon provided Merit with an employee list that included 64 individuals. These individuals were employees of Exxon and worked the assets that Merit acquired on January 1, 2020. The employee list included each employee's: personnel number, name, years of service, position, supervisor, employment status and email address.
>
> Merit management conducted in office and ride along interviews with the Exxon employees. Employees were observed performing their day-to-day responsibilities, asked about their prior experience and given the opportunity to share how they would maintain or increase production.

37. Moreover, Connors' physical appearance is that of a normal, healthy 55-year-old woman; that she is an individual belonging to the class protected by the ADEA is apparent upon meeting her.

38. The foregoing facts establish that Merit's decision not to hire or even to interview Connors was a willful violation of the ADEA.

6

39.     Accordingly, Connors is entitled to all of the rights and remedies available to her as a result of Merit's willful violation of the ADEA, including back pay, liquidated damages, front pay, and reimbursement of attorneys' fees and costs incurred in connection with her pursuit of this claim.

### V.      COUNT 3 – VIOLATION OF THE ACRA

40.     Connors restates and incorporates here by reference each of the preceding paragraphs of this Complaint as if set forth here in full.

41.     As is set forth in detail above, Merit's decision not to hire or even to interview Connors constitutes intentional gender-based employment discrimination against her.

42.     Such discrimination violates the ACRA.

43.     As a result of Merit's intentional discrimination against her, Connors is entitled to all rights and remedies available to her pursuant to the ACRA, including back pay, interest on back pay, compensatory and punitive damages, and the recovery of the reasonable amount her attorneys' fees and her costs incurred in connection with her pursuit of this claim.

44.     PLAINTIFF DEMANDS A TRIAL BY JURY FOR EACH ISSUE SO TRIABLE.

WHEREFORE, Plaintiff, Kimberly Connors, respectfully requests the Court enter an Order against each of the defendants, jointly and severally, awarding her back pay plus interest on back pay; front pay; liquidated, compensatory, and punitive damages; attorneys' fees and costs incurred in connection with her pursuit of these claims; post-judgment interest in the maximum amount permitted by law; and any additional relief to which she may be entitled.

Respectfully Submitted,

**SPROTT, GOLDEN & BARDWELL**

By: *[signature]*

Angela C. Artherton, Ark. Bar No. 2012156
Westin E. Meyer, Ark. Bar No. 2019089
P.O. Box 1800
Harrison, Arkansas 72602-1800
T:   (870) 741-3633
F:   (870) 741-5479
angela@arkansaslawpartners.com
westin@arkansaslawpartners.com

*Attorneys for Plaintiff, Kimberly Connors*