UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

KIMBERLY L. CONNORS                                                                                            PLAINTIFF

v.                                            No. 2:20-CV-02217

MERIT ENERGY COMPANY, LLC, et al.                                                              DEFENDANTS

## OPINION AND ORDER

Before the Court is Defendants' motion (Doc. 7) to dismiss. Defendants filed a brief (Doc. 8) in support. Plaintiff filed a response (Doc. 11) in opposition. Defendants filed a reply (Doc. 14) with leave of Court. The motion will be granted in part.

Defendants raise three grounds for dismissal. They argue Plaintiff's complaint is time-barred, that Plaintiff has failed to state a cause of action against most of the Defendants because they had no involvement in the decision not to hire her and she has not alleged any separate conduct by those Defendants that could constitute unlawful discrimination, and that Plaintiff has failed to allege sufficient facts to state a claim.

As an initial matter, Plaintiff's complaint acknowledges that only one Defendant, Merit Energy Company, LLC ("Merit"), responded to her EEOC charge, but notes defenses raised in another case led her to allege that all Defendants were involved. The specific jurisdiction defense raised in the referenced case does not give rise to an inference that any of these Defendant entities but Merit played a role in the decision not to hire Plaintiff. The motion represents that only Merit made that decision, and the other Defendants will be dismissed from this action without prejudice. Should a substantive basis for their liability emerge during discovery, the Court will permit amendment of the complaint to return them to this lawsuit.

With respect to Defendants' time-bar argument, based on Plaintiff's receipt by mail of her

1

notice of right to sue, the parties agree that the deadline for filing of the Complaint would have been November 26, 2020. The parties also agree that November 26, 2020, was a legal holiday. Federal Rule of Civil Procedure 6(a)(6)(A). Under Rule 6(a)(1)(C), where the applicable time period ends on "a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." The next such day was November 27, 2020.

The Chief Judge closed the courthouses in this district on November 27, 2020, and gave all Court personnel administrative leave on that day. Although this Court allows electronic filing of case initiation documents, and so in most cases the court remains accessible even if courthouses are physically closed, the process by which electronic filing of case initiation documents is accomplished requires plaintiffs to send a civil cover sheet to a Clerk's office email address. On a typical day, a deputy clerk—even one working remotely from any courthouse—opens a case for any civil cover sheet received before close of business, and the complaint may thereafter be filed electronically and the filing fee paid at any point the filing party chooses to file. The Court has confirmed with the Clerk's office that Plaintiff's emailed civil cover sheet was received on Friday, November 27, 2020, at approximately 1:30 pm. Had Court personnel been working that day, the Clerk's office would have opened a case and Plaintiff would have been able to file her complaint electronically, and so the Clerk's office would not have been inaccessible. Because Court personnel were not working that day, no litigant was able to electronically file case initiation documents. The Clerk's office was inaccessible for any case initiating documents, even if it was accessible to litigants in cases already pending, and so Rule 6(a)(3) extends the filing period for case initiating documents to "the first accessible day that is not a Saturday, Sunday, or legal holiday." In this case, the Clerk's office did not open a case until Monday, November 30, 2020.

Plaintiff filed her complaint and paid the filing fee that day, and so it is timely.[1]

When construed in a light most favorable to her, Plaintiff's complaint otherwise alleges sufficient facts, and gives rise to sufficient inferences, not only to put Merit on notice of the conduct for which Plaintiff argues Merit is liable, but for a factfinder to find that Plaintiff was a member of the identified protected classes, was qualified for the position for which Merit was hiring, was not hired, and the circumstance surrounding Merit's decision give rise to an inference of unlawful discrimination.  This is enough to plead a prima facie case of employment discrimination, and the claims against Merit may proceed.

IT IS THEREFORE ORDERED that Defendants' motion to dismiss (Doc. 7) is GRANTED IN PART.  The motion is GRANTED insofar as claims against all Defendants except Merit Energy Company, LLC are DISMISSED WITHOUT PREJUDICE.  The motion is otherwise DENIED.

IT IS SO ORDERED this 22nd day of January, 2021.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE

---

[1] Alternatively, the Court will equitably toll the statute of limitations because it was the Court's operations, and not Plaintiff's conduct, that prevented her from filing this case as she attempted to do on November 27, 2020.